## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

National Bankcard Services, Inc.,

                Plaintiff,

    v.

Family Express Corporation,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 04-5065 ADM/AJB

_____

Thomas J. Conley, Esq., Leonard, Street & Deinard, P.A., Minneapolis, MN, argued for and on behalf of Plaintiff.

David P. Irmscher, Esq., Baker & Daniels, Fort Wayne, IN, argued for and on behalf of Defendant.

_____

## I. INTRODUCTION

On May 27, 2005, oral argument before the undersigned United States District Judge was heard on Defendant Family Express Corporation's ("Family Express") Motion to Dismiss, Or, In the Alternative, To Transfer Venue [Docket No. 8]. Because sufficient "minimum contacts" between Defendant and the State of Minnesota are present, and Defendant does not meet the transfer requirements of 28 U.S.C. § 1404(a), the Motion is denied.

## II. BACKGROUND

On April 9, 2004, Family Express and National Bankcard Services, Inc. ("NBS") entered into a Service Agreement ("the Agreement") stating that NBS would provide Family Express with data processing services to authorize electronic payment transactions at Family Express's retail stores. Compl. ¶ 1. The Agreement includes a choice of law provision stating that "This Agreement shall be construed in all respects under the laws of the State of Minnesota." Conley Aff. [Docket No. 18] Ex.

A ¶ 8(a).  NBS is headquartered in Plymouth, Minnesota and is a Minnesota corporation.  Little Aff. [Docket No. 17] ¶ 2.  Family Express is an Indiana corporation with its headquarters in Valparaiso, Indiana.  Horn Aff. [Docket No. 12] ¶ 3.

## III. DISCUSSION

### A.       Standard of Review

"To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant."  Digi-Tel Holdings, Inc. v. Proteq Telecommunications, 89 F.3d 519, 522 (8th Cir. 1996).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm v. Groose, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.  Dakota Industries, Inc. v. Dakota Sportswear, Inc. 946 F.2d 1384, 1387 (8th Cir. 1991).  "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

### B.       Personal Jurisdiction

Defendant, a resident of Indiana, argues the instant case should be dismissed for lack of personal jurisdiction.  Because Defendant is a resident of Indiana, jurisdiction is proper only if Minnesota's long-arm statute is satisfied and the exercise of personal jurisdiction does not offend due process.  Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693 (8th Cir. 2003).  As Minnesota's long-

arm statute extends jurisdiction over nonresident defendants to the fullest extent allowed by the Due

Process Clause, the only determination to be made is whether the exercise of personal jurisdiction

violates due process considerations. <u>Guinness Import Co. v. Mark VII Distribs., Inc.</u>, 153 F.3d 607,

614 (8th Cir. 1998). Due process requires minimal contacts with the forum state. <u>Int'l Shoe Co. v.</u>

<u>Washington</u>, 326 U.S. 310, 316 (1945). The Eighth Circuit has set forth a five factor test to determine

whether minimal contacts exist sufficient to meet due process considerations:

> (1) The nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

<u>Guinness Import Co.</u>, 153 F.3d at 614. The first three factors are of primary importance and are often

considered together while the last two factors are less important and non-determinative. <u>See</u> <u>Digi-Tel</u>

<u>Holdings</u>, 89 F.3d at 523.

　　　In arguing failure of personal jurisdiction, Defendant emphasizes that no Family Express

employee traveled to Minnesota for business purposes and that the contract with NBS was signed by a

Family Express employee while in Indiana. Defendant alleges that Family Express employees placed

telephone calls and sent facsimiles and emails to NBS in Minnesota from Indiana. Horn Aff. ¶ 6.

Defendant also argues that all services performed under the contract between Family Express and NBS

occurred in Indiana. <u>Id.</u>

　　　While "[m]erely entering into a contract with a forum resident does not provide the requisite

contacts between a [nonresident party] and the forum state," Defendant's contacts with the state of

Minnesota cannot accurately be described as "[m]erely entering into a contract." <u>See</u> <u>Iowa Elec. Light</u>

<u>& Power Co. v. Atlas Corp.</u>, 603 F.2d 1301, 1303 (8th Cir. 1979). Both the choice of law provision

3

and the nature and quantity of forum state contacts are factors that alerted Defendant to the reasonable anticipation of being haled into court in Minnesota and a finding of personal jurisdiction. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

### 1.    Choice of Law Provision

It is undisputed that the Agreement between Family Express and NBS contains a choice of law provision stating that "This Agreement shall be construed in all respects under the laws of the State of Minnesota." Conley Aff. Ex. A ¶ 8(a). The Eighth Circuit has held that "a choice-of-law clause is an important factor in determining whether the defendant purposely availed itself [of the privilege of conducting activity] in the forum state." Wessels, Arnold & Henderson v. National Medical Waste, Inc., 65 F.3d 1427, 1434 (8th Cir. 1995). Defendant stresses that "the choice-of-law clause, like the mail and telephone contacts, is insufficient standing alone to confer jurisdiction." Id. However, "when these contacts are *combined with the other factors*, they become wholly relevant and significant." Id. (emphasis added).

### 2.    Nature and Quality of Contacts with Forum State

Defendant's argument that all services performed under the contract between Family Express and NBS occurred in Indiana is misleading. "Family Express transmits information from various electronic devices to NBS in Minnesota for approval and the card processing services are then performed by NBS at its two data centers in Minnesota." Little Aff. ¶ 5. More simply, every time a Family Express customer paid with a credit card, electronic information was transmitted to Minnesota where it was analyzed and processed. Thus, the bulk of the services performed under the contract occurred in Minnesota, not Indiana.

4

The Court finds that the factors discussed above, when considered in the aggregate, indicate that "minimum contacts" exist between Defendant and the forum state.  As there is no reason to believe that exercising jurisdiction over Defendant would not comport with "traditional notions of fair play and substantial justice," Defendant's motion to dismiss for lack of personal jurisdiction is denied.

## C.      Venue Transfer to Indiana

Alternative to its Motion to Dismiss for lack of personal jurisdiction, Defendant seeks a change of venue to Indiana.  28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  However, a plaintiff's choice of forum is given presumptive weight, and therefore, motions to transfer "should not be freely granted."  In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982) (overruled on other grounds).  In analyzing a motion to transfer, federal courts employ a three factor balancing test: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."  Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

### 1.      Convenience of the Parties

Defendant argues that it is more significantly inconvenienced by litigating in Minnesota than would be the Plaintiff if the case were moved to Indiana.  Defendant avers that, in comparison to Plaintiff, it is a very small company likely to incur significant costs from travel and business disruptions if the case remains in Minnesota.  Plaintiff disputes Defendant's attempt to characterize itself as a "very small company" by noting that Defendant has 44 stores, 350 employees, and $100 million in gross annual revenues.  Conley Aff. Ex. E.  Furthermore, no allegation is made that, should venue remain in

5

Minnesota, Defendant would be unable to adequately defend its rights, much less be deprived of its day in court.  Plaintiff also notes that if it seeks to depose any of Defendant's employees, it must do so in Indiana.  Any trial resulting from this litigation would be largely a documents case with few witnesses and is anticipated to be a short trial.  Thus, the inconvenience to Defendant will not be great.  Consequently, this factor does not strongly favor either party.

### 2. Convenience of the Witnesses

Defendant argues the convenience of the witnesses weighs in their favor.  As the primary witnesses in this matter will be the parties' employees who negotiated, executed and provided services under the Agreement, and who are equally distributed between Minnesota and Indiana, this factor also does not strongly favor either party.

### 3. Interests of Justice

Finally, Defendant argues the interests of justice favor a transfer to Indiana.  Because this Court has been given no legal reason to believe that the interest of justice support a transfer, and neither the costs to the parties or witnesses strongly favor Defendant, the Court finds transfer to Indiana to be inappropriate in this action.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that Defendant's Motion to Dismiss, Or, In the Alternative, To Transfer Venue [Docket

No. 8] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 17, 2005.